UNITED STATES DISTRICT COURT     FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

DEBRA E. LAWRIE,

                              Plaintiff,

                - versus -

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                             Defendant.

MEMORANDUM
AND ORDER
11-CV-3517

A P P E A R A N C E S

       QUEENS LEGAL SERVICES CORPORATION
       42-15 Crescent Street, 9th Floor
       Long Island City, New York 11101
By:   William D. Kaplan
       *Attorney for Plaintiff*

       LORETTA LYNCH
       United States Attorney
       Eastern District of New York
       271 Cadman Plaza East, 7th Floor
       Brooklyn, New York 11201
By:   John Vagelatos
       *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Debra E. Lawrie brings this suit against the Commissioner of Social Security ("Commissioner") challenging his determination that Lawrie was not entitled to Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. (the "Act"). The Commissioner admits error and moves to remand the case for supplementation of the record with respect to Lawrie's physical and mental disabilities. Lawrie cross-moves for judgment on the pleadings remanding the case solely for the calculation of benefits or, in the alternative, for further proceedings. Specifically, she contends, based on a

Psychiatric Residual Functional Capacity Report dated October 12, 2010, that she was mentally disabled as of that date. Oral argument took place on June 22, 2012.

For the reasons set forth below, plaintiff's motion is denied to the extent it seeks a remand for the calculation of benefits, and the Commissioner's motion for remand is granted.

BACKGROUND.

A.      *Facts and Procedural History*

The relevant facts in this case are undisputed.[1] Lawrie, who is currently 45 years old, applied for SSI benefits on January 20, 2005 on the basis of an alleged physical disability. Compl. ¶ 9.[2] After the Commissioner denied her application, Lawrie requested a hearing before an administrative law judge ("ALJ"). On July 3, 2008, ALJ Hazel Strauss concluded that Lawrie has a series of severe impairments. However, she further found that Lawrie's impairments do not meet or equal the requirements of a listed impairment and that she had the residual functional capacity ("RFC") to do light work. Accordingly, the ALJ concluded that Lawrie was statutorily ineligible for SSI benefits. The Social Security Appeals Council ("Appeals Council") denied Lawrie's request for review on September 3, 2008, rendering the ALJ's decision the final decision of the Commissioner.

Lawrie initiated a lawsuit in this district in October 2008 seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). By stipulation of the parties, the decision of the Commissioner was reversed and the case was remanded for further proceedings, including a new hearing. *See* Judgment, *Lawrie v. Comm'r of Soc. Sec.*, No. 08 Civ. 4263 (ARR), ECF No. 19. The Appeals Council issued a remand order, instructing the ALJ to, *inter alia*, (1)

---

[1]     The background facts set forth herein are taken from the administrative record (referred to herein as "R."), which includes, *inter alia*, plaintiff's medical records and the transcript of the hearings held before the ALJ, at which Plaintiff testified.

[2]     Plaintiff's claim of disability now revolves primarily around her "mental impairments not her physical impairments," Pl.'s Memo. of Law 24.

2

obtain "additional" and "updated" evidence about the plaintiff's mental impairments in order to complete the administrative record in accordance with the regulations; (2) further evaluate and make findings with respect to the plaintiff's mental impairments in accordance with the technique outlined in 20 C.F.R. § 416.920a; (3) give further consideration to plaintiff's maximum residual functional capacity; (4) if necessary, obtain supplemental evidence from a medical expert in accordance with 20 C.F.R. § 416.927(f); and (5) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base, taking into consideration the evidence as a whole. R. 594.

On November 18, 2010, ALJ Strauss held an administrative hearing pursuant to the remand order. In a decision filed April 8, 2011, she concluded that Lawrie does not have a mental impairment or combination of impairments that meets or equals one of the listed impairments. Specifically, she concluded that "the medical evidence of record does not document signs, symptoms, and/or laboratory findings indicating any impairment or combination of impairments severe enough to meet the criteria." R. 581. In so holding, the ALJ gave the treating sources' October 2010 report "limited weight" because "[a] full review of the record shows that [the findings] are not supported by the underlying medical evidence but instead rely primarily, on the self-reports of the claimant," which the ALJ found to lack to credibility. *Id.* The ALJ also gave "great weight" to the testimony of the medical expert, Dr. Alfred Jonas, M.D., who "opined that claimant's mental impairments result in some restrictions, [but] do not satisfy the criteria of any listing level impairment," *id.*

Proceeding to steps four and five of the sequential analysis, the ALJ determined that Lawrie had the mental RFC "to perform[] simple and repetitive tasks in a setting not involving unrestricted dealings with the broad, general public. In addition she is to perform her

3

job primarily alone and not as part of a team, [and] . . . . [is] to avoid work requiring higher levels of reading/calculations." *Id.* at 582. After hearing testimony from a vocational expert that jobs exist in significant numbers for people with Lawrie's RFC, the ALJ concluded that Lawrie was not disabled. In reaching this conclusion, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual capacity assessment." *Id.* at 584. Given the finding that her disability limits her to simple repetitive work – and based on vocational expert testimony that jobs exist in the national economy for such types of work – the ALJ concluded that Lawrie was not disabled. Lawrie did not ask the Appeals Council for review and the Council did not review the ALJ's decision on its own initiative. Accordingly, the ALJ's determination that Lawrie was not disabled became the final decision of the Commissioner. *See DeChirico v. Callahan*, 134 F.3d 1177, 1179 (2d Cir. 1998).

Lawrie filed the instant action on July 21, 2011. She alleges, *inter alia*, that the Commissioner "did not apply the correct legal standard to assign weight to the medical source opinion evidence," and made a credibility determination and an RFC assessment that is not supported by substantial evidence. In terms of relief, Lawrie's complaint seeks reversal solely for the calculation of benefits or, in the alternative, a remand for further administrative proceedings. *See* Compl. at 6.

The Commissioner concedes that the "ALJ failed to develop the record concerning Plaintiff's recent treatment," and that reversal is required. Defs.' Memo of Law 3, May 5, 2012, ECF No. 12. However, the parties were unable to agree on a remand of the case; accordingly, on February 15, 2012, the Commissioner moved "for a judgment reversing the Commissioner's final decision and remanding this case for further administrative proceedings pursuant to the fourth

4

sentence of 42 U.S.C. § 405(g)."[3] Mot. to Remand, Feb. 15, 2012, ECF No. 12. Although Lawrie agrees that the record is missing "psychiatric records from . . . July 2010 to November 2010," Pl.'s Memo. of Law 23, ECF No. 15, she opposes the defendant's remand motion and cross-moves for judgment on the pleadings remanding solely for the calculation of benefits.

B.  *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary conducts a limited review of the agency determination. *Sullivan v. Zebley*, 493 U.S. 521 (1990). Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An agency makes an initial disability determination. An adverse determination can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987). If relief is not granted during this administrative review process, the claimant may file an action in federal district court. *Id*.

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The scope of review of a Social Security disability determination involves two levels of inquiry. First, the court must decide whether the Commissioner applied the correct legal principles in making the determination. Second, the court must decide whether the determination is supported by substantial evidence. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere

---

[3] The fourth sentence of 42 U.S.C. § 405(g) reads, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Commissioner's findings are conclusive if supported by substantial evidence, even in those cases where the reviewing court might have reached a different conclusion on *de novo* review. *See Beauvoir v. Charter*, 104 F.3d 1432, 1433 (2d Cir. 1997) (citation omitted).

The Commissioner has an affirmative duty to fully develop the administrative record. *See* 20 C.F.R. § 416.912(d). This duty applies even where, as here, the claimant was represented at the hearing by counsel. *See Smith v. Bowen*, 687 F.Supp. 902, 906 (S.D.N.Y. 1988) ("The ALJ's duty to develop the comprehensive record requisite for an equitable determination of disability is greatest when claimant is unrepresented; but the duty still exists when plaintiff is represented . . . "). Generally, when there has been legal error or a failure to develop the record, a reviewing court "'should reverse the Commissioner's decision and remand the appeal from the Commissioner's denial of benefits for further development of the evidence.'" *Longbardi v. Astrue*, No. 07 Civ. 5952, 2009 WL 50140, at *21 (S.D.N.Y. Jan. 7, 2009) (quoting *Rivera v. Barnhart*, 379 F.Supp.2d 599, 604 (S.D.N.Y. 2005)). However, remand is not required in every instance. Judgment on the pleadings may be granted where the material facts are not in dispute and where judgment on the merits is possible given the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

In deciding whether to remand for further proceedings or to enter judgment remanding the case solely for the calculation of benefits, the Second Circuit instructs that, "where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate." *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004). It is particularly appropriate to remand for further proceedings where "the ALJ failed to develop the record sufficiently to make appropriate disability determinations," and further information is

required to assure the proper disposition of the claim. *Id.* (internal quotation marks omitted). However, where the record establishes such "persuasive proof of disability" that it is clear that a "remand for further evidentiary proceedings would serve no purpose," the court may remand solely for the calculation and payment of benefits. *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

C. *Analysis*

It is undisputed that the ALJ erred by failing to create a full and complete record. The Commissioner concedes that "the [ALJ] failed to obtain additional evidence about Plaintiff's mental impairments on remand," Defs.' Memo. of Law 35. Lawrie agrees that the record is missing certain records. Pls.' Memo. of Law 23. However, although both parties agree that the Commissioner's decision must be reversed, they quarrel about whether further proceedings are necessary. Lawrie seeks an order stating that she is disabled "as of October 12, 2010, the date of the psychiatric report from Lawrie's treating psychiatric sources." *Id.* at 1; *see also* Psychiatric Residual Functional Capacity Report, R. 690-699. She contends that remand will serve no purpose because "the evidence of disability from [the October 12, 2010 report] is persuasive and there is no basis to conclude that a more complete record would support a contrary finding." Pls.' Memo. of Law 1. "[A]pplying the correct legal standard, specifically the criteria set forth at 20 C.F.R. § 416.927(d) for weighing medical source opinion evidence," Lawrie contends that "the only conclusion that can be reached is that [she] is unable to satisfy the mental demands of work and is, therefore, disabled." *Id.* at 21. I disagree and conclude that further evidentiary proceedings would serve a useful purpose.

The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Green–*

7

*Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999). Where the ALJ does not give controlling weight to the treating source's opinion, he or she must explain the reasons for the weight assigned. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.") (internal quotations omitted). In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. § 416.927(c).

The core of the dispute in this case turns on the proper weight to be accorded to the October 2010 report from Lawrie's treating sources. Here, the ALJ elected to give the report "limited weight." R. 586. In support of that assessment, the ALJ stated that, although the October report was signed by a medical doctor, it was prepared by a social worker. *Id.* The ALJ further observed that the report was based primarily on Lawrie's self-reports of "the intensity, persistence and limiting effects of [her] symptoms." *Id*. The ALJ concluded that "[a] full review of the record" shows that the 2010 report's findings were "not supported by the underlying medical evidence but instead rel[ied] primarily on the self-reports of the claimant," which the ALJ found to lack to credibility. *Id*. at 584-86.

As a third reason not to give the 2010 report controlling weight, the ALJ pointed out inconsistencies between the report's assessment of Lawrie's Global Assessment of Functioning ("GAF") and the treating sources' assessments in prior medical reports.[4] A GAF

---

[4] The Fourth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM–IV) adopts an assessment on five axes purporting to help a clinician plan treatment and predict outcomes. *See American*

8

score in the range of 41 to 50 signifies "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. text rev. 2000). A GAF score in the range of 51 to 60 signifies "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." The 2010 report from Lawrie's treating sources indicated a GAF of 50, whereas previous GAF scores by the same sources identified Lawrie's GAF score at 55, indicative of moderate symptoms.

The Commissioner argues that the record is "not clear why the treating source opinions changed," and concedes that the ALJ should have, but did not, seek clarification. Defs.' Reply Memo 4. At oral argument, Lawrie contended that the decrease in the GAF score is explained by the death of her niece. Oral Arg. Tr. at 6:11-14. Even if Lawrie is correct that the GAF decline may be easily explainable, where the Commissioner does not have a full record of the plaintiff's medical treatment, remand is appropriate to permit the ALJ to consider this question in light of a complete record.

Lawrie has failed to establish that her impairment (or combination of impairments) either matches or is equal in severity to a listed impairment[5] or that she lacks the mental capacity

---

*Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 27 (4th ed. text rev. 2000) ("DSM–IV–TR"). The fifth axis is Global Assessment of Functioning ("GAF"). GAF is represented in a numeric scale ranging from 0 through 100.

[5] Plaintiff concedes that she is referring only to depressive disorder and not "manic syndrome" or "bipolar syndrome." To satisfy the listed paragraph A criteria for affective disorders, the record must demonstrate "[m]edically documented persistence, either continuous or intermittent, of . . . . [d]epressive syndrome characterized by at least four of the following: anhedonia or pervasive loss of interest in almost all activities; appetite disturbance with change in weight; sleep disturbance; psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating or thinking; thoughts of suicide or hallucinations, delusions, or paranoid thinking." Treating physician opinions regarding the criteria for a Listing are not entitled to controlling weight. *See* 20 C.F.R. § 416.927(e)(2). However, the ALJ must still consider those opinions when evaluating disability.

to engage in any substantial employment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 416.925(d). Based on my full review of the record, I cannot conclude, as plaintiff urges me to, that the only conclusion that be reached on the record is that she is disabled, and that a remand for further proceedings would serve no purpose. Since the parties agree that the record of Lawrie's psychiatric treatment and physical impairments is incomplete, remand is required to permit supplementation of the record. On remand, the ALJ is further directed to revisit her credibility determination and the weight to be accorded to the 2010 report in light the complete record of Lawrie's physical and mental impairments.

IV.    *Conclusion*

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's motion for remand is granted. The case is remanded to the Commissioner for further proceedings consistent with this opinion. The Clerk of the Court is requested to enter judgment accordingly and close this case.

So ordered.

_____
John Gleeson, U.S.D.J.

Dated: March 7, 2013
       Brooklyn, New York